IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-20019
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

V.

JAMES E STAFFORD

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-MC-343

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Stafford received a summons from the Internal Revenue Service concerning his tax liabilities for the 1999, 2000, and 2001 taxable years. The IRS was attempting to determine to what extent the government could collect the taxes Stafford owed for that three-year period. To that end, the summons required Stafford to produce documents and give testimony about his assets and liabilities from June 2005 until the date of compliance with the summons.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stafford invoked his Fifth Amendment right not to incriminate himself and refused to produce any documents or answer most of the IRS's questions. The United States then filed suit to enforce the summons. After a hearing, the district court ordered Stafford to comply with the summons. Stafford appealed.

The Fifth Amendment's self-incrimination privilege "applies only when the accused is compelled to make a testimonial communication that is incriminating."[1] For a defendant to avail himself of the privilege, however, he must do more than simply make a blanket assertion of the privilege.[2] A court cannot just rely on a defendant's claim that responding to certain questions might tend to be incriminating. That would allow a defendant to assert the privilege even where the risk of incrimination is remote or entirely imagined.[3] At the same time, the defendant cannot be expected to explain in detail in open court what testimonial communication he would make that would tend to incriminate him, as that would eviscerate the very purpose of the privilege.[4] To balance these two concerns:

> [A] practice has developed whereby . . . the [individual asserting the privilege] will allude in very general, circumstantial terms to the reasons why he feels he might be incriminated by answering a given question. The judge [will then] examine[] him only far enough to determine whether there is reasonable ground to apprehend danger to the witness from his being compelled to answer. If the danger might exist, the court must uphold the privilege without requiring the witness to demonstrate that a response would incriminate him, the latter inquiry being barred by the privilege itself.[5]

---

[1] Fisher v. United States, 425 U.S. 391, 408, 96 S. Ct. 1569, 1579 (1976) (emphasis removed).

[2] United States v. Goodwin, 625 F.2d 693, 701 (5th Cir. 1980).

[3] United States v. Melchor Moreno, 536 F.2d 1042, 1046 (5th Cir. 1976).

[4] Id.

[5] Id. (emphasis in original).

In short, this inquiry requires a court to examine the appropriateness of the privilege on an individualized basis so that the court can determine whether the defendant faces a real risk of incriminating himself by answering a specific question (or group of related questions).

Here, Stafford invoked the privilege to prevent the IRS from obtaining documents on his financial situation and from asking him at least some questions related to that topic. As far as refusing to answer questions, Stafford has not detailed any of the questions he refused to answer. That lack of detail deprived the district court of its ability to judge the risk posed to Stafford with respect to any given question. As far as Stafford's refusal to turn over documents, Stafford made no attempt to explain how the testimonial aspect of his turning over the relevant documents could tend to incriminate him.[6] Indeed, he makes no attempt to tether his concerns about being prosecuted with any of the varied sub-categories of documents subsumed by the IRS's document request (e.g., stocks, life insurance policies, checkbooks, cancelled checks). Instead, he tries to rely on a generalized fear based on his past interactions with the IRS that any document that could possibly be covered by the request would tend to incriminate him. That is not a proper use of the privilege.

AFFIRMED.

---

[6] See United States v. Schmidt, 816 F.2d 1477, 1480–81 (10th Cir. 1987) (explaining how turning over documents can have a testimonial aspect that can be protected by the Fifth Amendment).